Dear Mr. Coenen:
On behalf of the Tensas Basin Levee District, your opinion request asks the following questions:
 1. Is it legal for the Levee District to include its Commissioners on its Hospitalization Insurance Policy?
 2. If so, may the Levee District pay one-half of the premiums for the Commissioners?
The statute pertinent to your question is, LSA-R.S. 33:5151
which states in part as follows:
§ 5151. Power to contract for group insurance; premiums
 A. Any municipality or political subdivision of the state may make contracts of insurance with any insurance company legally authorized to do business in this state insuring their employees and officials under policies of group insurance covering hospitalization, and retirement, for such employees and officials, and may agree to match the payments of the employees and officials for the premiums or charges for any such contracts payable out of the funds of such municipality or political subdivision, respectively.
 B. Nothing in this Section or in R.S. 42:851 shall be construed to limit the contribution of a local governmental subdivision toward the payment of premiums for accident and health protection for its employees or their departments, or both.
Amended by Acts 1988, No. 154, § 1.
A Commissioner of the Levee District is considered an "official" of a "political subdivision." A Levee District is a political subdivision of the state, LSA-R.S. 38:281(6).
Therefore, it is clear that LSA-R.S. 33:5151 authorizes the Tensas Basin Levee District to contract for health insurance for its employees and to include the Commissioners on those policies. It may also pay one-half of the premiums incurred.
Trusting the above answers your question, we remain,
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: JAMES M. ROSS Assistant Attorney General
RPI/JMR:cdw WP51:93-290